■ LE DRESTA ANTONE, Respondent, v. GREEN BUS LINES, INC., Appellant.— Order of the Appellate Term of the Supreme Court, Second Judicial Department, dated March 24, 1967, affirmed, with $10 costs and disbursements. (*Metropolitan Life Ins. Co.* v. *Lane Klinow & Co.,* 23 A D 2d 646; *Linton* v. *Lehigh Val. R. R. Co.,* 25 A D 2d 334; *Mosier* v. *Van Der Horst Research Corp.,* 25 A D 2d 938.) The examination shall be conducted at the place directed in the order of the Civil Court at a time specified in a written notice of not less than 10 days or at such other time and place as may be agreed by the parties. Brennan, Acting P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.

■ ROBERT CERF, Respondent, v. MILFORD H. ACKERLY, Appellant.— In a negligence action to recover damages for personal and property injuries, defendant appeals (1) from an order of the Supreme Court, Westchester County, dated November 15, 1967, which conditionally denied his motion pursuant to CPLR 3012 (subd. [b]) to dismiss the action for plaintiff's failure to serve a complaint and (2) from so much of an order of the same court, dated December 19, 1967, which, on reargument and renewal, adhered to the original decision. Order dated December 19, 1967, reversed insofar as appealed from, on the law and the facts, without costs, and motion to dismiss the action granted. Appeal from order dated November 15, 1967, dismissed, without costs. That order was superseded by the order on reargument and renewal (*Alpert* v. *Alpert,* 20 A D 2d 560). The action was commenced by service of a summons only in January, 1964. On January 29, 1964, defendant appeared by attorney and demanded a complaint pursuant to CPLR 3012 (subd. [b]). In March and August of 1964, the office of plaintiff's attorney was telephoned and an inquiry into the failure to serve the complaint was made. On both occasions, it was stated that the complaint would be forthcoming. No complaint was served until October, 1967, after the decision on defendant's original motion to dismiss was handed down. Thus, plaintiff neglected to serve a complaint until almost 45 months after the demand. The excuse proffered (that plaintiff's attorney "mistakenly believed" that this action had been consolidated with other pending actions arising out of the same accident and had been followed on his calendar as such) falls within the category of "Law Office Failures" characterized in *Sortino* v. *Fisher* (20 A D 2d 25, 29) and is insufficient. Plaintiff's attorney was the attorney of record in one of the consolidated actions; and a mere glance at the consolidation order would have disclosed the true fact. In view of the long and inexcusable delay, the denial of defendant's motion to dismiss the action was an improvident exercise of discretion. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.